Page 2

AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: MIDDLE | |
|---|---|---|
| Name (under which you were convicted):  NICKKI PIERRE CHARLES | | Docket or Case No.:  6:21-CV-781-ORL-40-EJK |
| Place of Confinement: Okeechobee Correctional Institution  3420 NE 168th Street  Okeechobee, Fla. 34972 | Prisoner No.:  V 44225 | |
| Petitioner (include the name under which you were convicted)  NICKKI PIERRE CHARLES | Respondent (authorized person having custody of petitioner)  v. MARK INCH, Florida Secretary Department  of Corrections | |
| The Attorney General of the State of Florida | — Ashley Moody | |

FILED 2021 MAY -5 PM 2:36

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    In The Circuit Court of the Seventh Judicial Circuit in and for
    Volusia County, Florida

    (b) Criminal docket or case number (if you know):     2013-303274 CF DB

2.  (a) Date of the judgment of conviction (if you know):     August 22, 2014

    (b) Date of sentencing:     August 22, 2014

3.  Length of sentence:  Count One, Twenty (20) years with a ten year minimum sentence.

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:     Count One, Robbery with
    a Firearm, in violation of section 812.13(2)(a), Florida Statutes (2013),
    Count Two; Resisting an Officer without Violence, in violation
    of section 843.02, Florida Statutes (2013),

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty       ☐ (3)   Nolo contendere (no contest)

    ☐ (2)  Guilty           ☐ (4)   Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   *Fifth District Court of Appeal*

(b) Docket or case number (if you know):   *5D14 - 3065.*

(c) Result:   *Per Curiam Affirmed.*

(d) Date of result (if you know):   *April 7th, 2015 - Mandate issued on April 30th, 2015.*

(e) Citation to the case (if you know):   *Charles - v - State, 162 So. 3d 1031 (Fla. 5th DCA 2015).*

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: In The Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Fla

(2) Docket or case number (if you know): 2013-30 3274 CFDB.

(3) Date of filing (if you know): February 19, 2016.

(4) Nature of the proceeding: Rule 3.850, Florida Rules of Criminal Procedure.

(5) Grounds raised: One, Defendant was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution when Counsel failed to raise a mis-identification defense and request instruction; Two, Defendant was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution when Counsel failed to suppress an out of court identification, Three, Defendant was denied effective assistance of counsel when Counsel failed to object to improper comments and move for mistrial, Four, Defendant was denied effective assistance of counsel under the Sixth Amendment - continue next page -

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☒ Yes  ☐ No

(7) Result: Denied.

(8) Date of result (if you know): January 11th, 2018, After an evidentiary hearing.

to the United States Constitution when Counsel made irrelevent and prejudicial comments. **Five**; Defendant was denied effective assistance of Counsel under the Sixth Amendment to the United States Constitution when Counsel failed to fulfill a promise. **Six**; Defendant was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution when Counsel failed to object to irrelevent and prejudicial evidence/comments, **Seven**: Defendant was denied the Sixth Amendment to the United States Constitution when counsel failed to object to Judges comments and rules. **Eight**; Defendant was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution when Counsel failed to impeach witness. **Nine**; Defendant was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution when Counsel failed to advise Defendant to testify. **Ten**; Cummulitive effect. **Eleven**; State's evidence was circumstantial and trial counsel failed to argue the State's case was "based upon improper stacking of inferences" during their argument for judgment of acquittal, trial counsel rendered ineffective assistance.

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** THE STATE APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND-V- WASHINGTON OF HIS TRIAL COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL CLIAM.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the State Court's Petitioner raised this claim as Counsel failed to raise a mis-identification defense and request instruction. Without appointed counsel, to assist the Petitioner at his evidentiary hearing. Mr. Charles argued that the allege victim was asked " ooo was she 100% sure she picked the right person. And what did she say?" Former defense counsel responded by saying. "She said No." (evidentiary hearing transcripts page 39 lines 13-20).

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

Page 6(a)

Ms. Shapiro, further testified that; "And I felt that was a decent strategy even if it didn't play because the jury -- it was in the jury's minds that there was an interview, there was an interview of you explaining why you were there, and there was an interview that you weren't part of this crime." (evidentiary hearing transcripts page 32, lines 20-25).

It is to be noted this police interview could not have been admitted unless Mr. Charles testify. Mr. Charles attempted to further argue at his evidentiary hearing, was that former defense counsel Ms. Shapiro allowed the detective to make a hearsay in-court-identification of Defendant. Mr. Charles relied on the opinions from the Fifth District Court of Appeals of Deans v State, 988 So. 2d 1271 (Fla. 5th DCA 2008) (See evidentiary hearing transcripts pages 33-34).

The postconviction court denied this ground by ruling: "Count one has already been refuted in the record, so we're already been refuted, so we're dealing with subcount two and three." (evidentiary hearing transcripts page 59, lines 6-9). See also pages 63-64 ("... the defense of misidentification, that was the defense. And they did everything they could to support the defense. I see nothing wrong with that."

The State court applied an unreasonable application of Strickland.

Page 7

AO 241
(Rev. 10/07)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Florida Rule of Criminal Procedure

Name and location of the court where the motion or petition was filed: In The Circuit Court of the
Seventh Judicial Circuit, in and for Volusia County, Florida,

Docket or case number (if you know): 2013-303274 CFDB

Date of the court's decision: January 11th, 2018

Result (attach a copy of the court's opinion or order, if available): Denied.

_____

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal
Dayton Beach, Florida

Docket or case number (if you know): First 3.850 Appeal - 5D18-392.

Date of the court's decision: May 10th, 2019,

Result (attach a copy of the court's opinion or order, if available): Reversed at Charles-v-
State, 273 So.3d 210 (Fla. 5th DCA May 10th, 2019); Second Rule 3.850 Appeal
2020 Fla. App. LEXIS 13270 (Fla. 5th DCA Sept. 22, 2020).

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

_____

**GROUND TWO:**   THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND

—V—WASHINGTON OF HIS TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner argued in the postconviction that his trial counsel was ineffective assistance by his failure to suppress an out-of-court identification. In denying this claim, after an evidentiary hearing: The postconviction's court held that: "With regard to ground two -- also with regard to ground one, the misidentification, the defense about the victim could not specifically identify Mr. Charles was the primary defense in the case. And the defense made great strides in establishing the lack of specific   — next page —

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 3,850 motion pursuant to Florida Rule of Criminal Procedure.

Name and location of the court where the motion or petition was filed:   In The Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida.

Docket or case number (if you know):   2013-303274 CFDB

Date of the court's decision:   January 11th, 2018.

identification in this case. And I don't think that performance was deficient of that counsel was ineffective for that purpose. With regard to failing to raise a motion to suppress, there wasn't any legal, legitimate basis to suppress the identification in this case." (See Evidentiary Hearing Transcripts page 64, line 5 - 15).

   The postconviction court failed to determine 1) whether the police used an unnecessarily suggestive procedure and 2), if so, considering all the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable mis-identification. The factors were not considered by the State court in evaluating the likelihood of misidentification include 1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness's degree of attention, 3) the accuracy of the witness's prior description of the criminal, 4) the level of certainty demonstrated by the witness at the confrontation, and 5) the length of time between the crime and the confrontation.

   Petitioner motion allege that "[T]he victim sat in the police car approximately ten (10) feet away from the defendant while he was in hand cuffs, during trial the victim was asked about the out-of-court identification. She testified that she could not be 100% sure she picked the right person that night only that she believed."

Page 9

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): _Set for evidentiary hearing._

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeal, Dayton Beach, Fla._

Docket or case number (if you know): _5D19-2466._

Date of the court's decision: _September 22nd, 2020._

Result (attach a copy of the court's opinion or order, if available): _First appeal reversed: Charles-v-State, 273 So. 3d 210 (Fla. 5th DCA May 10th, 2019). Second appeal Charles-v-State, 2020 Fla. App. LEXIS 13270 (Fla. 5th DCA September 22nd, 2020)._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**  _THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND-V-WASHINGTON OF HIS TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Counsel failed to object to improper comments and move for mistrial. The State applied an unreasonable application of Strickland._

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 motion, pursuant to Florida Rule of Criminal Procedure.

Name and location of the court where the motion or petition was filed: In The Circuit Court of the

Seventh Judicial Circuit in and for Volusia County, Florida.

Docket or case number (if you know): 2013 - 303274 CFDB

Date of the court's decision: January 11th, 2018, After an evidentiary hearing.

Result (attach a copy of the court's opinion or order, if available): Denied.

_____

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal

Dayton Beach, Fla.

Docket or case number (if you know): First case Number 5D18-392; Second Case# 5D19-2466.

Date of the court's decision: First decision May 10, 2019; Second decision September 22, 2020.

Result (attach a copy of the court's opinion or order, if available): First appeal, reversed, Second

Appeal, per curiam affirmed, Charles -v- State, 273 So. 3d 210 (Fla. 5th DCA May 10th,

2019); Charles -v- State, 2020 Fla. App. LEXIS 13270 (Fla. 5th DCA Sept. 22, 2020).

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND -V-

WASHINGTON OF HIS TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner argued in the State court's that his trial counsel was ineffective for
making irrelevant and prejudice comments. In counsel opening argument trial
counsel stated "[I]'m not going to elicit any testimony about defendant's
prior history or that he was a suspect number one we don't need to
argue." (Trial Transcripts pages 264-265). At Petitioner postconviction evidentiary
hearing. Without appointed counsel to assist with his examination of
his former trial counsel, ms. Danielle L. Shapiro.    — continue on Next page —

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 3.850 motion, pursuant to Florida Rule of Criminal Procedure.

At Petitioner's postconviction evidentiary hearing, during direct examination by Assistant State Attorney Mr. Andrew Urbanak, Ms. Danielle L. Shapiro stated: "And do you recall in your opening statement discussing and mentioning to the jury that Mr. Charles had an open warrant? A. Yes. Q. And what was the decision -- or why did you make that decision to go into that in opening statement? A. We discussed that because the state was going to play the interview of Mr. Pierce Charles after he was arrested, and in that interview he was talking about why he was in that area, why he ran from the cops. And our strategy was to say that he was running because he thought he had a warrant, he thought he had missed court, not that he had, and that's why he ran, just based on all the circumstances that were going on in the community, in the news that -- at that time." (See Evidentiary hearing transcripts, page 23, lines 7-21).

The postconviction denied ground four the court held; "I accept Ms. Shapiro's testimony that there is an admission by Mr. Charles in the interview that he was running from the police in the location at the time, and that he explained he thought he had an outstanding warrant, that they discussed those issues, and as a matter of trial strategy, they decided to explain his presence in the general location and his conduct in that regard in that fashion." (Evidentiary hearing transcripts, pages 64-65). The postconviction accepted Ms. Shapiro's testimony over that of Mr. Charles. The postconviction court, hearing did not articulate any reason for finding Charles' testimony not credible that was supported by the evidence, Charles' statements was sufficient to establish that attorney Shapiro rendered ineffective assistance of counsel. The burden then shifted to the State to present evidence to contradict Charles' claim, but neither attorney Shapiro's statement refuted Charles' sworn allegations.

The postconviction court say nothing about the internal consistency of Mr. Charles' testimony, or his candor or demeanor

on the stand. Indeed, the postconviction court does not even state simply why the defendant's lawyer is the more credible witness in this case. There is nothing in the report to indicate the post-conviction court did not make specific findings of fact after an evidentiary hearing regarding Charles' credibility.

The fact that Charles' testimony is uncorroberated is not enough standing alone to support a credibility finding. Ms. Shapiro. The State court applied an unreasonable application of Strickland.

Page 12

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: _In The Circuit Court of the_

_Seventh Judicial Circuit IN and for Volusia County, Florida._

Docket or case number (if you know): _2013- 303274  CFDB_

Date of the court's decision: _January 11ᵗʰ, 2018._

Result (attach a copy of the court's opinion or order, if available): _Denied, after evidentiary_

_hearing_

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeal,_

_Daytona Beach, Fla._

Docket or case number (if you know): _First appeal # 5D18-392  , Second appeal # 5D19-2466._

Date of the court's decision: _First decision May 10ᵗʰ, 2019, Second decision September 22ⁿᵈ, 2020._

Result (attach a copy of the court's opinion or order, if available): _First appeal reversed, Second_

_appeal, Per Curiam Affirmed. Charles -v-State, 273 So. 3d 210 (Fla. 5ᵗʰ DCA_

_May 10ᵗʰ, 2019), Second appeal Charles -v-State, 2020 Fla. App. LEXIS 13270_

_(Fla. 5ᵗʰ DCA September 22, 2020)._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)                                                                                    *Page 13*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes     ☐ No

(2) Second petition:   ☐ Yes     ☐ No

(3) Third petition:    ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND FIVE:** THE STATE APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND V. WASHINGTON OF HIS TRIAL COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the State postconviction proceeding Mr. Charles allege that counsel failed to fulfill a promise. At the postconviction evidentiary hearing: "I'm actually going back to ground five. You said there was this interview that the State of Florida had? Yes. And the State of Florida -- you thought the state of Florida was intending on introducing? That is what I was told by the State Attorney Ms. Coln at the time. —continue on next page—

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

And was the video introduced at trial? No. Did you believe that interview could be introduced by you through your defense? [answer] I -- No, But if we did, if I had him testify about it, his felony convictions would have been brought up. So was that a strategic decision? Yes. (See evidentiary Hearing Transcripts page 25, lines 13-25 and page 26, lines 1-4), (See also evidentiary hearing transcripts page 30, lines 13-25).

The postconviction court entered an order denying ground five, that was based on an unreasonable determination of the facts in light of the evidence presented in the State proceeding § 2254(d)(1)-(2). The State Court's prejudice determination was contrary to an unreasonable application of Strickland.

Counsel' statement [opening statement] were the functional equivalent of a guilty plea. As such Counsel's opening statement performance was constitutionally deficient, because Ms. Shapiro performance failed to subject the prosecution's case to meaningful adversarial testing. The State postconviction should have made an objective determination. Mr. Charles former Counsel opening statement was merely "post-hoc" speculation,

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground Five:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☒ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Rule 3.850, Florida Rule of Criminal Procedure

    Name and location of the court where the motion or petition was filed: In The Circuit Court of the

    Seventh Judicial Circuit, in and for Volusia County, Florida

    Docket or case number (if you know): 2013 - 303274 CFDB

    Date of the court's decision: January 11th, 2018.

    Result (attach a copy of the court's opinion or order, if available): Denied.

_____

    (3) Did you receive a hearing on your motion or petition?   ☒ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Fifth District Court of Appeal.

    Dayton Beach, Fla

    Docket or case number (if you know): First Appeal - 5D18-392; Second Appeal # 5D19-2466.

    Date of the court's decision: First Appeal, May 10th, 2019, and Second Appeal, September 22nd, 2020.

    Result (attach a copy of the court's opinion or order, if available): First Appeal reversed at Charles -v-

    State, 273 So. 3d 210 (Fla. 5th DCA May 10th, 2019), Second Appeal, Charles -v-State, 2020

    Fla, App. LEXIS 13270 (Fla. 5th DCA Sept. 22, 2020).

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

Page 15

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground Five.  _____

_____   _____

**GROUND SIX:**  THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND-

V-WASHINGTON OF HIS TRIAL COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Six, explain why:  _____

_____

_____

_____

(c)     **Direct Appeal of Ground** Six.

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  _____  _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 3.850 motion pursuant to Florida Rule of Criminal Procedure.

Name and location of the court where the motion or petition was filed:   IN The Circuit Court of the Seventh

Judicial Circuit, IN and for Volusia County, Florida.

Docket or case number (if you know):   2013- 303274 CFDB.

AO 241 (Rev. 09/17)

Page 16

Date of the court's decision: _January 11, 2018._

Result (attach a copy of the court's opinion or order, if available): _Denied_

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeal_

_Dayton Beach, Fla._

Docket or case number (if you know): _5D19-2466._

Date of the court's decision: _September 22, 2020_

Result (attach a copy of the court's opinion or order, if available): _Per Curiam Affirmed_

_Charles v State, 2020 Fla. App. LEXIS 13270 (Fla. 5th DCA Sept. 22 2020)._

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground _Six_ : _____

_____

_____

**GROUND SEVEN:** _THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND -_

_V-WASHINGTON OF HIS TRIAL COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground ¬, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 3.850 motion, pursuant to Florida Rule of Criminal Procedure.

Name and location of the court where the motion or petition was filed:   In The Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida

Docket or case number (if you know):   2013-303274 CFDB

Date of the court's decision:   January 11th, 2018.

Result (attach a copy of the court's opinion or order, if available):   Denied.

_____

(3) Did you receive a hearing on your motion or petition?     ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal

Docket or case number (if you know):   5D19-2466.

Date of the court's decision:   September 22, 2020.

Result (attach a copy of the court's opinion or order, if available):   Per Curiam Affirmed.
Charles - v. State, 2020 Fla. App. LEXIS 13270 (Fla. 5th DCA Sept. 22, 2020).

_____

AO 241 (Rev. 09/17)                                                                            *Page* 18

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven _____

_____

_____

**GROUND Eight** THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND~ V~ WASHINGTON, OF HIS TRIAL COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

_____

(c)    **Direct Appeal of Ground** Eight

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Rule 3.850 motion, pursuant to Florida Rule of Criminal Procedure.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: In The Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida

Docket or case number (if you know): 2013 - 303274 CFDB

Date of the court's decision: January 11th, 2018

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?  ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal Dayton Beach, FL

Docket or case number (if you know): 5D19 - 2466

Date of the court's decision: September 22, 2020.

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ~~Four~~ Eight:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☐ Yes     ☐ No

(2) Second petition:   ☐ Yes     ☐ No

(3) Third petition:    ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND NINE:** THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND-V-WASHINGTON OF HIS TRIAL COUNSEL'S MISADVICE ON HIS RIGHT TO TESTIFY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner argued in this Rule 3.850 motion that "trial counsel rendered ineffective assistance for failing to advise Defendant that testifying to certain alleged facts would have been "in his best interest." Defendant alleged testimony would have included numerous facts that would have established "a viable defense." Petitioner did in fact inform counsel and the Court that he does not wish to testify. Petitioner was denied assistance of appointed counsel, at the January 11th, 2018 evidentiary hearing.          - continue next page -

(b) If you did not exhaust your state remedies on Ground Nine explain why: _____

_____

_____

_____

20(a)

Charles alleged that counsel told him that if he took the stand, the State would be able to present to the jury the details of his extensive criminal record, and his arrest interview with the detective that he ran from the officer because he believed that he had an out-standing arrest warrant. Charles have learned that general proposition, such advice would have been incorrect under the Evidence Code Section 90.610.6 Under section 90.610, Fla. Stat. a party may attack the credibility of any witness, including the accused, by evidence of a prior felony conviction. Unless the witness answers untruthfully, this inquiry is generally restricted to the existence of prior convictions and the number of convictions.

At the evidentiary hearing the State asserts "...its the state's perspective that this video, from the defense side, would not be admissible, as it would be self-serving hearsay and couldn't be introduced." See Evidentiary Hearing Transcripts page 54 lines 10-13.

Trial counsel need not misadvised Petitioner not to testify, and then in opening statements, make reference to "an interview that took place where defendant tells detective why he was in the area, why he was dressed the way he was, and why he ran from the police that night."

Trial counsel knows or should have known that if the State did introduce the "taped interview" during trial. Petitioner would have the right to rebutt the interview, by then taking the stand and giving sworn testimony. Petitioner was given misadvice about his right to testify.

The postconviction court failed to apply the Strickland standard, and failed to determine whether counsel's action was a reasonable trial strategy. It's clear the postconviction court applied an unreasonable application of Strickland-v-Washington.

Petitioner was denied effective assistance of trial counsel.

Page 21

AO 241
(Rev. 10/07)

(c) **Direct Appeal of Ground Nine:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

Page 22

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine _____

_____

**GROUND TEN:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Ten, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Ten**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?       ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground TEN _____

_____

_____

**GROUND ELEVEN:**   THE STATE COURT APPLIED AN UNREASONABLE APPLICATION OF STRICKLAND WASHINGTON OF HIS TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to object to the State's case being based upon improper stacking of inferences. The State court applied uans unreasonable application of strickland. The State Court records does not refuted Mr. Charles claim.

AO 241
(Rev. 10/07)

*Page 24*

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground** Eleven

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Elaven': _____

_____

**GROUND TWELVE:**  THE STATE POSTCONVICTION COURT DENIED PETITIONER DUE PROCESS AT HIS EVIDENTIARY HEARING BY DENYING HIM APPOINTMENT OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The records reflects that Charles requested counsel through a motion for appointment of counsel, to assist him in his rule 3.850 motion. He was not capable of effectively presenting his case and cross-examining his prior counsel. The Florida Supreme Court held that "[e]videntiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifying complex to all but the most sophisticated non-lawyers." Any doubt about the need for counsel must be resolved in favor of the indigent defendant.    — next page —

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Twelve:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

The assistance of counsel is essential to accomplish a fair and thorough presentation of a defendant's claim for collateral relief. At Petitioner's January 11th, 2018, evidentiary hearing Petitioner again requested for the appointment of counsel. In an Interim Order On Defendant's Motion For Postconviction Relief, the Court summarily denied his request for appointment of counsel, and denied his second request at Charles' evidentiary hearing.

The evidentiary hearing Court determine that; "[T]hey weren't technical legal issues or complicated issues. They were factual issues. And, in all fairness, I didn't think anybody would know those issues any better than you did, Mr. Charles. They would have to defer to you on what those witnesses would have said. So I really didn't think it would help you. And my concern was if I appointed a lawyer, then they'd want six months to review the file again to get up to speed and I'd have to delay your hearing. So it seemed to me you were probably in a better position to go without the attorney under those circumstance so--."

The State postconviction court failed to conduct the analysis from the Florida Supreme Court as required in Graham v. State, 372 So.2d 1363 (Fla. 1979).

Petitioner needed the assistant of counsel to subpoena the Detective that testified during his trial that gave the hearsay statement, that the victim told her, that Petitioner was the assailant. Counsel was needed to research the trial transcripts, where it did not show that the victim positively identified Petitioner in court as the robber. Petitioner needed counsel during the hearing. because the evidentiary hearing Judge question Petitioner on his issues, without providing Charles with assistance to cross-examining the Judge. (see Evidentiary Hearing Transcripts pages 43-49).

Appointed counsel would have assisted in demonstrating that Petitioner trial counsel action or inaction (strategy) was unreasonable.

The postconviction court abused it's discretion in refusing to appoint counsel to represent Petitioner for the January 11, 2018 evidentiary hearing.

Page 26

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Twelve: _____

_____

_____

_____

Page 27

AO 241
(Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

        _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

    _____

    _____

    _____

Page 28

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial:     _Ms. Danielle L. Shapiro, Esquire_____

(d) At sentencing:     _Ms. Danielle L. Shapiro, Esquire_____

(e) On appeal: _____

(f) In any post-conviction proceeding:     _Pro se_____

(g) On appeal from any ruling against you in a post-conviction proceeding:    _Pro se_____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes    ☒ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

Page 29

AO 241
(Rev. 10/07)

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)   The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To Grant this Petition for Writ
of Habeas Corpus, that Petitioner trial Counsel was ineffective and denied
him a fair trial

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on  5/3/2021  (month, date, year).

Executed (signed) on  5/3/2021  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____